UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RALPH CRUZ | ) | CASE NO. |
| 7107 Westlake Ave. | ) | |
| Parma, OH 44134 | ) | JUDGE |
| | ) | |
| and | ) | MAGISTRATE JUDGE |
| | ) | |
| DAVE HAMILTON | ) | **PLAINTIFF'S COMPLAINT** |
| 6870 State Rd. | ) | |
| Parma, OH 44134 | ) | (Jury Demand Endorse Herein) |
| | ) | |
| and | ) | |
| | ) | |
| JASON PERRY | ) | |
| 1331 Albion Rd. | ) | |
| North Royalton, OH 44133 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ANTHONY SKEEN | ) | |
| 21460 Sheldon Rd. | ) | |
| Brook Park, OH 44142 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JASON STRZALA | ) | |
| 1131 Albion Rd. | ) | |
| North Royalton, OH 44133 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| | ) | |

FRANCIS SZYMANSKI
1111 North Ave.
Parma, OH 44134

On behalf of themselves and all others
similarly situated,

Plaintiffs,

v.

B. MCDERMOTT ENTERPRISES, INC.
(d/b/a) BEN FRANKLIN PLUMBING-NORTH
ROYALTON, OHIO
c/o Agent BRIAN MCDERMOTT
5476 State Rd.
Parma, OH 44134

and

INVISIBLE EXCAVATIONS, LLC
(d/b/a) INVISIBLE EXCAVATION LLC
c/o Agent CHRISTINA MCDERMOTT
19924 Ridge Rd.
North Royalton, OH 44133

and

BRIAN MCDERMOTT
19924 Ridge Rd.
North Royalton, OH 44133

and

CHRISTINA MCDERMOTT
19924 Ridge Rd.
North Royalton, OH 44133

Defendants.

Now comes Plaintiffs Ralph Cruz, Dave Hamilton, Jason Perry, Anthony Skeen, Jason Strzala, and Frank Szymanski (collectively "Plaintiffs"), by and through counsel, on behalf of themselves and all others similarly situated, and for their Complaint against Defendants B. McDermott Enterprises, Co. ("Benjamin Franklin Plumbing"), Invisible Excavations, LLC ("Invisible Excavation"), Brian McDermott, and Christina McDermott, states and alleges the following:

## INTRODUCTION

1. Plaintiffs bring this "collective action" lawsuit as a result of Defendants' violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01-4111.99 by virtue of Defendants' practice, policy and procedure of failing to pay non-exempt employees overtime compensation for hours worked in excess of forty (40) per workweek and/or minimum wages.

2. Plaintiffs bring this action to remedy Defendants' breach of contract, under Ohio law, by failing to calculate and disburse the full amount of bonus compensation due each Plaintiff, pursuant to Defendant Benjamin Franklin Plumbing's agreement with Plaintiffs and all similarly situated employees, and as required of all Ben Franklin Plumbing franchises by its parent franchising company, Clockwork Home Services, Inc., which is a wholly owned subsidiary of Direct Energy Marketing Limited (d/b/a "Direct Energy"), which is itself a wholly owned subsidiary of Centrica, P.L.C. Plaintiffs also bring this action under Ohio law, O.R.C. § 4113.15, to remedy Defendants' failure to pay any or all wages due on scheduled paydays.

3. Plaintiff Strzala also brings this lawsuit to remedy Defendants' retaliation in violation of the FLSA, 29 U.S.C. § 215(a)(3), the OMFWSA, O.R.C. §§ 4111.01-4111.99; and Art.

II, Sec. 34a, of the Ohio Constitution; and to remedy Defendant Invisible Excavation having being unjust enriched through his unpaid labor.

**JURISDICATION AND VENUE**

4. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiffs' OMFWSA, breach of contract, and unjust enrichment claims under 28 U.S.C. § 1367 because these claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because some or all of the Defendants reside within this Court's jurisdiction, and because all, or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this Court's jurisdiction.

**PARTIES**

7. At all times relevant herein, Plaintiffs were citizens of the United States and residents of Cuyahoga County, Ohio.

8. At all times relevant herein, Plaintiffs and those similarly situated were, and in some cases are, employees within the meaning of 29 U.S.C. § 203(e), O.R.C. §§ 4111.01, *et seq*., and Art. II, Sec. 34a, Ohio Constitution.

9. At all times relevant herein, Defendants maintained their principle place of business in Cuyahoga County, Ohio.

10. At all times relevant herein, Defendants were and are employers within the meaning of 29 U.S.C. § 203(d), O.R.C. §§ 4111.01, *et seq*., and Art. II, Sec. 34a, Ohio Constitution.

11. Upon information and belief, at all times relevant herein, Defendants Brian McDermott and Christine McDermott were residents of Ohio.

12. At all times relevant herein, Defendants were and are an enterprise within the meaning of 29 U.S.C. § 203(r).

13. At all times relevant herein, Defendants were and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14. At all times relevant herein, Plaintiffs and those similarly situated were, and in some cases are, employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

15. Defendants provide plumbing and water delivery system repair, maintenance, and insulation services, and as well as other similar services, to private and commercial clients throughout Ohio.

16. Defendants provide substantially similar or identical services, including the above-referenced services, under the trade names "Invisible Excavation" or "Benjamin Franklin Plumbing—North Royalton, Ohio". At times, Defendant Brian McDermott used the Ohio license number for Defendant Benjamin Franklin Plumbing while performing Defendant Invisible Excavation jobs.

17. Defendants currently employ over twenty (20) employees in the positions of Laborer and/or Excavator, or Plumbing Technician.

18. Plaintiff Cruz worked for Defendants as a Laborer from approximately February 2011 through approximately May 2012.

19. Plaintiff Hamilton worked for Defendants as a Laborer from approximately May 2011 through approximately November 2011. He has worked for Defendants as a Plumbing Technician from approximately November 2011 to the present.

20. Plaintiff Skeen worked for Defendants as a Laborer from approximately November 2011 through February 2012.

21. Plaintiff Strzala worked for Defendants as a Plumbing Technician from approximately January 2011 through March 2011, worked as Operations Manager from approximately March 2011 through December 2011, and worked as General Manager from approximately December 2011 though April 2012.

22. Plaintiff Perry worked for Defendants as a Laborer from approximately June 2011 through July 2011, worked as a Plumbing Technician from approximately July 2011 through February 2012, and worked as a Shop Manager from approximately February 2012 through April 2012.

23. Plaintiff Szymanski worked for Defendants as a Laborer from approximately January 2012 through April 2012.

24. Plaintiffs frequently work and/or worked more than forty (40) hours in a single workweek.

25. Defendants often shifted Defendant Benjamin Franklin Plumbing employees, including Plaintiffs, to Defendant Invisible Excavation payroll when they worked over forty (40) hours in a single workweek, as well as vice-versa. Thus, many employees received two different

checks for a single workweek. This practice was used by Defendants to systematically avoid paying overtime to employees, including Plaintiffs, in willful violation of the FLSA, 29 U.S.C. §§ 203(r), 207.

26. Since Defendants shifted work hours of employees to the Invisible Excavation payroll to avoid paying overtime as described in ¶ 25, Defendants improperly calculated the bonus pay for all employees, including Plaintiffs, based on the contractual requirements for all Benjamin Franklin Plumbing franchisees, as required by franchise company Clockwork Home Services, Inc. At times, not even the improperly calculated bonus payments were distributed to Plaintiffs and similarly situated employees. Instead Defendants retained these wages, which still have not been paid.

27. At times, Defendants Brian and Christina McDermott would pay their employees "straight time" via cash or personal check for both companies for hours worked over (40) forty in a single workweek, in willful violation of the FLSA, 29 U.S.C. § 207, regardless of whether they worked for Defendant Benjamin Franklin Plumbing or Defendant Invisible Excavation.

28. Defendants refused to pay overtime at a rate of one and one half times the usual hourly rate for any work hours in excess of forty (40) per workweek spent driving from locations to work sites throughout Ohio, in violation of the FLSA, 29 U.S.C. § 207.

29. Defendants did not pay any wages for jobs that Defendants did not believe were done properly, at Defendants sole discretion, and would, in addition to not paying any wages for these work hours, deduct additional pay from Defendants' employees for their previous completed work. This widespread practice lead to repeated and extensive violations of the

overtime and minimum wage violations of the FLSA, 29 U.S.C. §§ 201-219; OMFWSA, O.R.C. §§ 4111.01-4111.09; and Art. II, Sec. 34a of the Ohio Constitution.

30. Defendant Benjamin Franklin Plumbing did not permit Plumbing Technicians and other employees to write down or record all hours worked because owners Brian and Christina McDermott received a premium from Home Clockwork Services, Inc. based on employee efficiency, in violation of the FLSA, 29 U.S.C. §§ 206-207. Defendants had a practice of increasing efficiency by refusing to record all hours worked by their employees.

31. Defendant Brian McDermott instructed Plaintiffs Hamilton, Strzala, and Perry, and similarly situated Plumbing Technicians, that they would be fired if they turned in more hours than Defendant Brian McDermott believe a job *should* take, in his estimation, regardless of how many hours the job actually took. This pay practice, including the willful failure to compensate employees for all hours worked, violates the FLSA, 29 U.S.C. §§ 206-207.

32. For the three (3) years immediately preceding the filing of this lawsuit, Defendants employed, and currently employ, many employees who are similarly situated to Plaintiffs.

33. In approximately December 2011, Plaintiff Strzala became General Operations manager for Benjamin Franklin Plumbing. In that capacity, he found evidence of numerous ongoing pay violations by Defendants.

34. Several times, most recently in a management meeting in April 2012, Plaintiff Strzala told Defendants Brian and Christina McDermott that their pay practices were improper and insisted that they pay their employees correctly. He also stated that it was improper of Defendants Brian and Christina McDermott to require him to work for Defendant Invisible

Excavation for no pay. In retaliation, Plaintiff Strzala was terminated from employment as General Manager of Defendant Benjamin Franklin Plumbing in April 2012. Following Plaintiff Strzala's termination, Defendants have continued to violate state and federal wage laws.

35. Defendant Brian McDermott required Plaintiff Strzala to perform uncompensated work for Defendant Invisible Excavation to keep his job with Defendant Benjamin Franklin Plumbing, although his only contract was with Benjamin Franklin Plumbing. As a result, Defendant Invisible Excavations has been unjustly enriched by Plaintiff Strzala's labor.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

37. Plaintiffs bring Count One and Two of this action on their own behalf and on behalf of all other persons similarly situated who have been, are being, and/or will be adversely affected by Defendants' unlawful conduct, pursuant to 29 U.S.C. § 216(b).

38. The class that Plaintiffs seeks to represent, and for whom Plaintiffs seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiffs are themselves members, is comprised of and defined as:

> All current and former employees, including Laborers and Plumbing Technicians, who worked for Defendants during the three years immediately preceding the date of this Court's issuance of Court-supervised notice.

39. Plaintiffs are unable to state at this time the exact size of the potential class but, upon information and belief, avers that it consists of at least sixty (60) persons.

40. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §

216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

41. In addition to Plaintiffs, numerous current and former employees are similarly situated to Plaintiffs with regard to their wages and claims for unpaid wages and damages. Plaintiffs are representative of those other employees and are acting on behalf of other employees' interests, as well as their own, in bringing this action.

42. These similarly situated employees, who are known to Defendants and are easily identifiable through Defendants' payroll records, may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

**COUNT ONE**
**(FLSA Overtime Violations)**

43. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

44. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

45. Plaintiffs and similarly situated employees should have been paid overtime wages in the amount of 150% of their normal hourly rate for all hours worked in excess of forty (40) hours per workweek.

46. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiffs' overtime wages as required by federal law.

47. The above-described willful and systematic violation of the FLSA complained of by Plaintiffs have similarly affected all other opt-in members of the collective action so that the claims of such members are common to and typical of each other.

48. Defendants' unlawful conduct directly and proximately caused Plaintiffs, and all others similarly situated, to suffer damages for which they are entitled to judgment.

49. Defendants' violations have been willful and/or in reckless disregard of Plaintiffs' and similarly situated employees' rights, and entitle Plaintiffs and similarly situated employees to liquidated and/or punitive damages.

**COUNT TWO**
**(FLSA Minimum Wage Violations)**

50. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

51. The FLSA requires that "non-exempt" employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. 29 U.S.C. § 206.

52. Based on improper deductions alleged herein, Defendants failed to comply with the requirements of 29 U.S.C. § 206, by paying employees less than the applicable minimum wage rate.

53. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiffs' minimum wages as required by federal law.

54. The above-described willful and systematic violation of the FLSA complained of by Plaintiffs have similarly affected all other opt-in members of the collective action so that the claims of such members are common to and typical of each other.

55. Defendants' unlawful conduct directly and proximately caused Plaintiffs, and all others similarly situated, to suffer damages for which they are entitled to judgment.

56. Defendants' violations have been willful and/or in reckless disregard of Plaintiffs', and similarly situated employees' rights, and entitle Plaintiffs and similarly situated employees to liquidated and/or punitive damages.

**COUNT THREE**
**(Ohio Overtime Violations)**

57. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

58. The OMFWA requires that non-exempt employees receive overtime compensation of not less than one and one-half times the employees' regular rate of pay. O.R.C. §§ 4111.01-4111.99.

59. Plaintiffs and similarly situated employees should have been paid overtime wages in the amount of 150% of their normal hourly rate for all hours worked in excess of forty (40) hours per workweek.

60. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the OMFWA, including refusing and/or failing to calculate and pay Plaintiffs' overtime wages as required by Ohio law.

61. The above-described willful and systematic violation of the OMFWA complained of by Plaintiffs has similarly affected all other opt-in members of the collective action so that the claims of such members are common to and typical of each other.

62. Defendants' unlawful conduct directly and proximately caused Plaintiffs, and all others similarly situated, to suffer damages for which they are entitled to judgment.

63. Defendants' violations have been willful and/or in reckless disregard of Plaintiffs' and similarly situated employees' rights, and entitle Plaintiffs and similarly situated employees to liquidated and/or punitive damages.

**COUNT FOUR**
**(Ohio Minimum Fair Wage Act Violations)**

64. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

65. The OMFWA requires that employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. O.R.C. chapter 4111; Art. II, Sec. 34a of the Ohio Constitution.

66. Based on improper deductions alleged herein, Defendants failed to comply with the requirements of Ohio law, by paying employees less than the applicable minimum wage rate. O.R.C. chapter 4111; Art. II, Sec. 34a, Ohio Constitution.

67. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the OMFWA, including refusing and/or failing to calculate and pay Plaintiffs' minimum wages as required by federal law.

68. The above-described willful and systematic violations of the OMFWA complained of by Plaintiffs have similarly affected all other opt-in members of the collective action so that the claims of such members are common to and typical of each other.

69. Defendants' unlawful conduct directly and proximately caused Plaintiffs, and all others similarly situated, to suffer damages for which they are entitled to judgment.

70. Defendants' violations have been willful and/or in reckless disregard of Plaintiffs' and similarly situated employees' rights, and entitle Plaintiffs and similarly situated employees to liquidated and/or punitive damages.

**COUNT FIVE**
**(Ohio Prompt Pay Act Violations)**

71. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

72. O.R.C. § 4113.15 requires Defendants to pay their employees all wages due within the time specified under Ohio law.

73. Defendants knowingly and improperly failed to pay Plaintiffs and similarly situated employees all wages due during each pay period in which they worked.

74. Defendants failure to pay Plaintiffs and similarly situated employees all wages due constitutes a violation of O.R.C. § 4113.15.

75. Defendants are liable to Plaintiffs and similarly situated employees for unpaid wages and liquidated damages in an amount equal to six percent (6%) of said wages or $200.00, whichever is greater, for each first delinquency of thirty days and a separate offense for each successive delinquency of thirty (30) days.

**COUNT SIX**
**(Breach of Contract)**

76. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

77. Plaintiffs and similarly situated employees entered into agreements concerning the terms and conditions of Plaintiffs rendering services to Defendants.

78. Plaintiffs, at all times relevant, performed their obligations under the agreements.

79. Defendants breached the agreements by failing to pay Plaintiffs their bonus compensation under the terms of the agreements.

80. As a direct and proximate cause of Defendants breach of the agreements, Plaintiffs and similarly situated employees have incurred damages including, but not limited to, lost wages.

**COUNT SEVEN**
**(FLSA Violation – Retaliation: Strzala Only)**

81. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

82. At all times relevant herein, Plaintiff Strzala was an employee within the meaning of the FLSA, 29 U.S.C. § 203(e).

83. At all times relevant herein, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

84. After, and as a result of, engaging in the protected activity of making an oral complaint concerning Defendants' illegal pay practices, Defendant Brian McDermott retaliated

against Plaintiff Strzala by terminating his employment as Defendant Benjamin Franklin Plumbing's General Manager.

85. As a result of Defendants' retaliatory contact, Plaintiff Strzala's rights under 29 U.S.C. § 215(a)(3) were violated, and Plaintiff Strzala has a remedy under 29 § U.S.C. 216(b).

**COUNT EIGHT**
**(OMFWA Violation - Retaliation: Strzala Only)**

86. Plaintiffs incorporate the foregoing allegations as if fully rewritten herein.

87. At all times relevant herein, Plaintiff Strzala was an employee within the meaning of O.R.C. chapter 4111 and Article II, Section 34a of the Ohio Constitution.

88. At all times relevant herein, Defendants were employers within the meaning or O.R.C. chapter 4111 and Article II, Section 34a of the Ohio Constitution.

89. As a result of engaging in the protected activity of making an oral complaint concerning Defendants' unlawful pay practices, Defendant Brian McDermott retaliated against Plaintiff Strzala by firing him from his position as Defendant Benjamin Franklin Plumbing's General Manager.

90. As a result, Plaintiff's rights under O.R.C. 4111.13(b) and Art. II, Sec. 34a of the Ohio Constitution were violated.

**COUNT NINE**
**(Unjust Enrichment: Strzala Only)**

91. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

92. Defendants Invisible Excavation improperly required Plaintiff Strzala to perform work for no pay, thereby unjustly enriching Defendant Invisible Excavation at the expense of

Plaintiff Strzala.

93. The retention and use of Plaintiff Strzala's labor has conferred a benefit on Defendant Invisible Excavation that would be unfair and unjust for Defendant Invisible Excavation to retain.

94. As a result of Defendant Invisible Excavations conduct described in ¶ 43, Plaintiff Strzala has suffered damages including, but not limited to, lost wages and benefits. For this injury, Plaintiff Strzala has no adequate remedy at law.

**PRAYER FOR RELIEF**
**(All Plaintiffs)**

WHEREFORE, Plaintiffs and all those employees similarly situated collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice to all class members, pursuant to 29 U.S.C. § 216(b), that this litigation is pending and that they have the right to "opt in" to the litigation;

C. Award Plaintiffs and the opt-in class they represent actual damages for back overtime pay, punitive damages, liquidated damages, and compensatory damages, in an amount in excess of $25,000.00;

D. Award Plaintiffs and the opt-in class they represent pre- and post-judgment interest at the statutory rate;

E. Award Plaintiffs and the opt-in class they represent attorneys' fees, costs, and disbursements; and

F. Award Plaintiffs and the opt-in class they represent further and additional relief as this Court deems just and proper.

**PRAYER FOR RELIEF**
**(Plaintiff Strzala)**

WHEREFORE, Plaintiff Strzala prays that this Honorable Court:

A. Award Plaintiff back overtime pay, punitive damages, liquidated damages, and compensatory damages, in an amount in excess of $25,000.00;

D. Award Plaintiff pre- and post-judgment interest at the statutory rate;

E. Award Plaintiff attorneys' fees, costs, and disbursements; and

F. Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Ryan A. Winters
Ryan A. Winters (0086917)
ryan@winterslawfirm.com
WINTERS LAW FIRM, LLC
31340 Solon Road, Suite 28
Cleveland, OH 44139
Telephone: 440-498-9100
Co-counsel for Plaintiff(s)

/s/ Joseph F. Scott
Joseph F. Scott (0029780)
jfscld@yahoo.com
Attorney at Law
17410 Dorchester Dr.
Cleveland, OH 44119
Telephone: 216-664-3727
Attorney for Plaintiff

JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Ryan A. Winters
Ryan A. Winters (0086917)